## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### BECKLEY DIVISION

| | | |
|---|---|---|
| **SHERRY LYNN ENGLAND,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO. 5:12-04124** |
| | ) | |
| **CAROLYN W. COLVIN,** | ) | |
| **Acting Commissioner of Social Security,** | ) | |
| | ) | |
| **Defendant.** | ) | |

### PROPOSED FINDINGS AND RECOMMENDATION

This is an action seeking review of the final decision of the Commissioner of Social Security

denying the Plaintiff's application for Disability Insurance Benefits (DIB), under Title II of the Social

Security Act, 42 U.S.C. §§ 401-433. By Standing Order entered August 7, 2012 (Document No. 4.),

this case was referred to the undersigned United States Magistrate Judge to consider the pleadings and

evidence, and to submit Proposed Findings of Fact and Recommendation for disposition, all pursuant

to 28 U.S.C. § 636(b)(1)(B). Presently pending before the Court are the parties' cross-Motions for

Judgment on the Pleadings (Document Nos. 10 and 11.) and Plaintiff's Reply. (Document No. 12.)

The Plaintiff, Sherry Lynn England (hereinafter referred to as "Claimant"), filed an application

for DIB on November 15, 2007 (protective filing date), alleging disability as of September 8, 2006,

due to degenerative osteoarthritis in the lower spine, fibromyalgia, anxiety, and panic attacks. (Tr. at

17, 119-21, 134, 138.) The claims were denied initially and upon reconsideration. (Tr. at 95-96, 97-99,

107-09.) On October 23, 2008, Claimant requested a hearing before an Administrative Law Judge

(ALJ). (Tr. at 110-11.) The hearing was held on May 6, 2010, before the Honorable Karen B. Peters.

(Tr. at 46-94.) By decision dated June 3, 2010, the ALJ determined that Claimant was not entitled to

benefits. (Tr. at 17-29.) The ALJ's decision became the final decision of the Commissioner on June

29, 2012, when the Appeals Council denied Claimant's request for review. (Tr. at 1-4.) Claimant filed the present action seeking judicial review of the administrative decision on August 7, 2012, pursuant to 42 U.S.C. § 405(g). (Document No. 2.)

Under 42 U.S.C. § 423(d)(5) and § 1382c(a)(3)(H)(I), a claimant for disability benefits has the burden of proving a disability. See Blalock v. Richardson, 483 F.2d 773, 774 (4th Cir. 1972). A disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable impairment which can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A).

The Social Security Regulations establish a "sequential evaluation" for the adjudication of disability claims. 20 C.F.R. §§ 404.1520, 416.920 (2010). If an individual is found "not disabled" at any step, further inquiry is unnecessary. Id. §§ 404.1520(a), 416.920(a). The first inquiry under the sequence is whether a claimant is currently engaged in substantial gainful employment. Id. §§ 404.1520(b), 416.920(b). If the claimant is not, the second inquiry is whether claimant suffers from a severe impairment. Id. §§ 404.1520(c), 416.920(c). If a severe impairment is present, the third inquiry is whether such impairment meets or equals any of the impairments listed in Appendix 1 to Subpart P of the Administrative Regulations No. 4. Id. §§ 404.1520(d), 416.920(d). If it does, the claimant is found disabled and awarded benefits. Id. If it does not, the fourth inquiry is whether the claimant's impairments prevent the performance of past relevant work. 20 C.F.R. §§ 404.1520(e), 416.920(e). By satisfying inquiry four, the claimant establishes a prima facie case of disability. Hall v. Harris, 658 F.2d 260, 264 (4th Cir. 1981). The burden then shifts to the Commissioner, McLain v. Schweiker, 715 F.2d 866, 868-69 (4th Cir. 1983), and leads to the fifth and final inquiry: whether the claimant is able to perform other forms of substantial gainful activity, considering claimant's remaining physical and mental capacities and claimant's age, education and prior work experience. 20 C.F.R. §§

2

404.1520(f), 416.920(f) (2010). The Commissioner must show two things: (1) that the claimant, considering claimant's age, education, work experience, skills and physical shortcomings, has the capacity to perform an alternative job, and (2) that this specific job exists in the national economy. McLamore v. Weinberger, 538 F.2d 572, 574 (4th Cir. 1976).

In this particular case, the ALJ determined that Claimant satisfied the first inquiry because she had not engaged in substantial gainful activity from her alleged onset date of September 8, 2006, through her date last insured of June 30, 2009. (Tr. at 19, Finding No. 2.) Under the second inquiry, the ALJ found that Claimant suffered from the severe impairments of "fibromyalgia; minimal degenerative disc disease of the lumbosacral spine; irritable bowel syndrome; headaches; allergies; depression; and panic disorder." (Tr. at 19, Finding No. 3.) At the third inquiry, the ALJ concluded that Claimant's impairments did not meet or equal the level of severity of any listing in Appendix 1. (Tr. at 19, Finding No. 4.) The ALJ then found that Claimant had a residual functional capacity ("RFC") to perform a range of light level work as follows:

> [T]he [C]laimant has the residual functional capacity to perform a range of light work (as defined in 20 CFR 404.1567(b)) subject to several nonexertional limitations. More specifically, the [C]laimant needs an indoor work environment due to her allergies and can occasionally crouch, crawl, and stoop, but can never reach overhead, climb, or work at heights. Additionally, due to her emotional problems and chronic pain the [C]laimant has a moderate reduction in concentration which is defined as limiting her to simple, non-complex tasks and she cannot work directly with the general public.

(Tr. at 21, Finding No. 5.) At step four, the ALJ found that Claimant was incapable of performing her past relevant work. (Tr. at 27, Finding No. 6.) On the basis of testimony of a Vocational Expert ("VE") taken at the administrative hearing, the ALJ concluded that Claimant could perform jobs such as an assembler, a packer, and food preparation worker, at the light level of exertion. (Tr. at 27-28, Finding No. 10.) On this basis, benefits were denied. (Tr. at 28, Finding No. 11.)

<u>Claimant's Background</u>.

Claimant was born on November 18, 1960, and was 49 years old at the time of the administrative hearing, May 6, 2010. (Tr. at 27, 49, 119, 134.) Claimant had a high school education and was able to communicate in English. (Tr. at 27, 57, 137, 144.) In the past, Claimant worked as a receptionist/billing clerk, an optometrist assistant, a receiving clerk, a pharmacy technician trainee, a retail sales clerk, a cashier, and a supervisor at a homeless shelter. (Tr. at 27, 138-40, 154-61.)

<u>The Medical Record</u>.

The undersigned has reviewed all the evidence of record, including the medical evidence of record, and will discuss it below as it relates to Claimant's arguments.

<u>Claimant's Challenges to the Commissioner's Decision</u>.

Claimant first alleges that the ALJ's decision is not supported by substantial evidence because the ALJ erred in failing to make an explicit finding at step one of the two-step pain and credibility assessment that she had a medical impairment that would have reasonably produced her alleged pain and symptoms. (Document No. 10 at 7-14.) In response, the Commissioner asserts that Claimant's contention "is baseless" because the ALJ recognized at step two of the sequential analysis that her fibromyalgia and minimal DDD of the lumbosacral spine were severe impairments. (Document No. 11 at 12.) The Commissioner asserts that remand for the ALJ to make an explicit statement under the first step of the pain and credibility assessment "would not affect the ALJ's ultimate decision and, thus, is not warranted." (<u>Id.</u> at 13.) The Commissioner states that the "ALJ's credibility assessment retains the support of substantial evidence because a review of the credibility analysis shows that she recognized that those impairments could, but did not, create symptoms of disabling severity as alleged by [Claimant]." (<u>Id.</u>)

Claimant replies that remand is warranted pursuant to the mandates of <u>Craig v. Chater</u>, 76 F.3d

585 (4th Cir. 1996), and the decisions of this Court, which specifically have remanded such matters when the ALJ failed to make an explicit threshold finding. (Document No. 12 at 1-3.) Claimant cites to various cases throughout this district in response to the Commissioner's argument. (Id.)

Second, Claimant alleges that the ALJ erred in assessing her credibility by emphasizing the variances in her activities of daily living and severity of the symptoms and signs of her fibromyalgia over time to find that her testimony was not credible. (Document No. 10 at 14-15.) Citing SSR 12-2p, Claimant asserts that the Commissioner has acknowledged that the pain from fibromyalgia may fluctuate in intensity and that a claimant's resulting activities also may fluctuate due to the severity of the condition. (Id. at 15.) Though SSR 12-2p was not in affect when the ALJ issued her decision, Claimant asserts that the ruling is entitled to deference by the Court as the Commissioner's interpretations of the Social Security Act as it pertains to the evaluation of fibromyalgia claims. (Id.)

In response, the Commissioner asserts that the Commissioner adequately considered the limitations resulting from Claimant's fibromyalgia. (Document No. 11 at 10-11.) The Commissioner notes that the ALJ relied on the medical evidence in establishing her functional limitations, which demonstrated that the diagnosis was based on her subjective complaints, the ANA panel and rheumatoid factor studies were negative, she had no significant swelling despite nodules and tenderness of certain joints, and she was treated conservatively with herbal medication, B12 vitamin injections, and other natural remedies. (Id. at 10.) Additionally, clinical tests revealed only very minimal DDD and Dr. Patel recommended continued conservative treatment. (Id.) The Commissioner notes that though Claimant testified to limited activities, her earlier contradictory self-reports demonstrated that she cared for herself, shared housekeeping duties with her husband, prepared simple meals, managed the family's finances, cared for her dogs, and spent most of the day conducting internet research. (Id. at 11.) The Commissioner therefore, asserts that the ALJ acknowledged that her

5

fibromyalgia more than minimally impacted her ability to work and found that it was a severe impairment. (Id.) He also acknowledged the documented limitations resulting therefrom and limited Claimant to light exertional work. (Id. at 11-12.) To the extent that Claimant argues consideration under SSR 12-2p, the Commissioner asserts that the argument is misplaced as the Ruling was issued two years after the ALJ's decision was issued, and therefore, is inapplicable. (Id. at 11, n. 1.)

Third, Claimant alleges that the ALJ's decision is not supported by substantial evidence because she failed to apply SSR 02-1p when she considered Claimant's obesity. (Document No. 10 at 15-17.) Claimant asserts that the ALJ alluded to SSR 02-1p in her opinion and stated that the effects of obesity were considered, but failed to provide any analysis, thereby improperly applying the Ruling. (Id. at 16.) She asserts that given her complaints of pain and fatigue, a more particularized discussion whether obesity could cause her limitations was warranted. (Id.)

The Commissioner asserts in response that contrary to Claimant's argument, the ALJ considered whether her obesity may affect her other impairments. (Document No. 11 at 15-17.) The ALJ considered her obesity at step three and then considered it when discussing her pain and credibility pursuant to SSR 02-1p. (Id. at 15.) The Commissioner states that the ALJ noted that Claimant's obesity may affect the cardiovascular and respiratory systems and her arthritis. (Id.) Furthermore, the ALJ noted Claimant's height and weight in discussing her limitations and conditions. (Id.) The Commissioner asserts, however, that Claimant has failed to allege how her obesity caused greater limitations than those provided in the ALJ's RFC finding. (Id. at 16.) Accordingly, the Commissioner asserts that Claimant's argument must fail. (Id. at 16-17.)

Fourth, Claimant alleges that the ALJ's decision is not supported by substantial evidence because she failed to include limitations from her irritable bowel syndrome and headaches, which were severe impairments, in her RFC finding. (Document No. 10 at 13.) In response, the Commissioner

6

asserts that Claimant failed to identify any specific functional limitation resulting from these conditions and that the record failed to demonstrate any such additional limitations. (Document No. 11 at 14.) The ALJ noted that the evidence showed that these conditions were situational and did not occur frequently enough to be considered disabling. (Id.) As such, the ALJ's RFC finding is supported by substantial evidence of record. (Id. at 14-15.)

Fifth and finally, Claimant alleges that the ALJ's decision is not supported by substantial evidence because she failed to present a hypothetical question to the VE that adequately described her psychological limitations. (Document No. 10 at 17-18.) The ALJ found that she suffered from depression and a panic disorder, which resulted in moderate difficulties in social functioning, concentration, persistence, or pace. (Id. at 17.) The ALJ posed a hypothetical question to the ALJ consisting of a moderate reduction in concentration that limited her to simple, non-complex tasks that did not involve direct contact with the pubic. (Id.) Claimant asserts that the limitation to "simple, non-complex tasks" did not encompass the realm of a moderate limitation in concentration, persistence, or pace, and therefore, the VE's testimony is not relevant. (Id. at 17-18.)

The Commissioner asserts in response that the ALJ's limitation to simple, non-complex tasks with no direct work with the general public adequately accounted for Claimant's moderate reduction in concentration and that the record did not support any greater mental functional limitation. (Document No. 11 at 17-19.) The Commissioner further asserts that the ALJ properly did not specify the frequency of interaction with co-workers and supervisors because there were no limitations related to that type of interaction. (Id. at 19-20.) The Commissioner therefore, asserts that the ALJ's hypothetical questions to the VE were proper and adequately accounted for Claimant's limitations and that Claimant's arguments are without merit. (Id.)

Analysis.

Pain and Credibility.

*Threshold Finding*.

Claimant alleges that the ALJ erred in assessing her credibility by failing to make an explicit finding that she had a medical impairment that was reasonably likely to have produced her alleged pain and symptoms. (Document No. 10 at 7-14.) A two-step process is used to determine whether a claimant is disabled by pain or other symptoms. First, objective medical evidence must show the existence of a medical impairment that reasonably could be expected to produce the pain or symptoms alleged. 20 C.F.R. §§ 404.1529(b) and 416.929(b) (2010); SSR 96-7p; See also, Craig v. Chater, 76 F.3d 585, 594 (4th Cir. 1996). If such an impairment is established, then the intensity and persistence of the pain or symptoms and the extent to which they affect a claimant's ability to work must be evaluated. Id. at 595. When a claimant proves the existence of a medical condition that could cause the alleged pain or symptoms, "the claimant's subjective complaints [of pain] must be considered by the Secretary, and these complaints may not be rejected merely because the severity of pain cannot be proved by objective medical evidence." Mickles v. Shalala, 29 F.3d 918, 919 (4th Cir. 1994). Objective medical evidence of pain should be gathered and considered, but the absence of such evidence is not determinative. Hyatt v. Sullivan, 899 F.2d 329, 337 (4th Cir. 1990). A claimant's symptoms, including pain, are considered to diminish her capacity to work to the extent that alleged functional limitations are reasonably consistent with objective medical and other evidence. 20 C.F.R. §§ 404.1529(c)(4) and 416.929(c)(4) (2010). Additionally, the Regulations provide that:

> [w]e will consider all of the evidence presented, including information about your prior work record, your statements about your symptoms, evidence submitted by your treating, examining, or consulting physician or psychologist, and observations by our employees and other persons. . . . Factors relevant to your symptoms, such as pain, which we will consider include:

(i) Your daily activities;

(ii) The location, duration, frequency, and intensity of your pain or other symptoms.

(iii) Precipitating and aggravating factors;

(iv) The type, dosage, effectiveness, and side effects of any medication you take or have taken to alleviate your pain or other symptoms;

(v) Treatment, other than medication, you receive or have received for relief of your pain or other symptoms;

(vi) Any measures you use or have used to relieve your pain or other symptoms (e.g., lying flat on your back, standing for 15 or 20 minutes every hour, sleeping on a board, etc.); and

(vii) Other factors concerning your functional limitations and restrictions due to pain or other symptoms.

20 C.F.R. §§ 404.1529(c)(3) and 416.929(c)(3) (2010).

SSR 96-7p repeats the two-step regulatory provisions:

First, the adjudicator must consider whether there is an underlying medically determinable physical or mental impairment(s)--i.e., an impairment(s) that can be shown by medically acceptable clinical and laboratory diagnostic techniques--that could reasonably be expected to produce the individual's pain or other symptoms. * * * If there is no medically determinable physical or mental impairment(s), or if there is a medically determinable physical or mental impairment(s) but the impairment(s) could not reasonably be expected to produce the individual's pain or other symptoms, the symptoms cannot be found to affect the individual's ability to do basic work activities.

Second, once an underlying physical or mental impairment(s) that could reasonably be expected to produce the individual's pain or other symptoms has been shown, the adjudicator must evaluate the intensity, persistence, and limiting effects of the individual's symptoms to determine the extent to which the symptoms limit the individual's ability to do basic work activities.  For this purpose, whenever the individual's statements about the intensity, persistence, or functionally limiting effects of pain or other symptoms are not substantiated by objective medical evidence, the adjudicator must make a finding on the credibility of the individual's statements based on a consideration of the entire case record.

SSR 96-7p, 1996 WL 374186 (July 2, 1996). SSR 96-7p specifically requires consideration of the "type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms" in assessing the credibility of an individual's statements. Significantly, SSR 96-7p requires the adjudicator to engage in the credibility assessment as early as step two in the sequential analysis; i.e., the ALJ must consider the impact of the symptoms on a claimant's ability to function along with the objective medical and other evidence in determining whether the claimant's impairment is "severe" within the meaning of the Regulations. A "severe" impairment is one which significantly limits the physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1520(c) and 416.920(c).

Craig and SSR 96-7p provide that although an ALJ may look for objective medical evidence of an underlying impairment capable of causing the type of pain alleged, the ALJ is not to reject a claimant's allegations solely because there is no objective medical evidence of the pain itself. Craig, 76 F.3d at 585, 594; SSR 96-7p ("the adjudicator must make a finding on the credibility of the individual's statements based on a consideration of the entire case record"). For example, the allegations of a person who has a condition capable of causing pain may not be rejected simply because there is no evidence of "reduced joint motion, muscle spasms, deteriorating tissues [or] redness" to corroborate the extent of the pain. Id. at 595. Nevertheless, Craig does not prevent an ALJ from considering the lack of objective evidence of the pain or the lack of other corroborating evidence as factors in his decision. The only analysis which Craig prohibits is one in which the ALJ rejects allegations of pain solely because the pain itself is not supported by objective medical evidence.

In view of error it found in the ALJ's pain analysis, the Craig Court remanded, stating its reasoning as follows:

> [T]he ALJ did not expressly consider the threshold question of whether Craig had demonstrated by objective medical evidence an impairment capable of causing the degree and type of pain she alleges. Instead, the ALJ proceeded directly to considering the credibility of her subjective allegations of pain. . . . Accordingly, we remand to the ALJ to determine whether Craig has an objectively identifiable medical impairment that could reasonably cause the pain of which she complains. If the ALJ concludes that she does, then, and only, then, should it undertake an assessment into the credibility of Craig's subjective claims of pain.

Craig, 76 F.3d at 596. Relying upon this language in Craig, this Court remanded in Hill v. Commissioner of Social Security, 49 F.Supp.2d 865, 869 (S.D. W.Va. 1999) (Hallinan, J.), for consideration of the threshold issue in the pain analysis over the Commissioner's contention that it would be a waste of judicial and administrative resources because Mr. Hill would still be found not disabled. Judge Hallinan stated as follows:

> For the Court to make a determination when reviewing whether the ALJ's decision is supported by substantial evidence, the Court expects those below to conduct a full and intensive review of the record. Justice and fairness demands nothing less. To say that the results would be the same upon a second, more comprehensive review and explanation of the record, and therefore should not be done at all, would be to deny the Claimant his right to a fair decision, and in addition, deny the Court of a fully developed record of review.

Hill, 49 F.Supp.2d at 870. In Arnold v. Barnhart, Civil Action No. 1:04-0422 (S.D. W.Va. Sept. 29, 2005), this Court further held that Craig mandates "that an ALJ must make an *explicit* determination that a claimant has or has not proven an underlying medical impairment that could cause the pain alleged by the claimant." Id. at 11.

> [T]he ALJ's failure to expressly reach a conclusion regarding the first part of the pain disability test, the threshold question of whether a claimant has "an underlying medical impairment that could reasonably be capable of causing the pain alleged," constitutes a failure to apply the correct legal standard in determining that a claimant is not disabled by pain.

Id. at 14. See also Bradley v. Barnhart, 463 F.Supp.2d 577, 581 - 582 (S.D. W.Va. 2006) (J. Copenhaver) (remanding for the ALJ's failure to consider the threshold question of Craig prior to

11

considering the credibility of her subjective allegations); <u>Lester v. Astrue</u>, Civil Action No. 5:10-00380 (S.D. W.Va. Sept. 13, 2011) (J. Berger) (remanding for the ALJ's failure to make an explicit threshold finding stating that the "Court finds a more formulaic interpretation of *Craig*, as presented in *Bradley* and *Arnold*, is best suited to protect the judicial review of an ALJ's decision on the two-step pain and credibility assessment.").

In the instant case, the ALJ noted the requirements of the applicable law and Regulations with regard to assessing pain, symptoms, and credibility (Tr. at 22.), but failed explicitly to address the first prong of the two-step pain and credibility analysis. Consequently, the ALJ failed to determine at step one of the pain and credibility analysis whether Claimant had any underlying impairments which reasonably could have been expected to produce the pain or symptoms alleged. The Commissioner essentially concedes that the ALJ failed to make an explicit threshold finding under <u>Craig</u>, but argues that Claimant's allegations that such a finding was necessary are baseless. (Document No.11 at 12-13.) Rather, the Commissioner seems to assert that because the ALJ recognized at step two of the sequential analysis that Claimant had severe fibromyalgia and severe minimal DDD of the lumbosacral spine, an additional finding under <u>Craig</u> for the pain and credibility analysis was unnecessary. (<u>Id.</u>)

The undersigned does not find the Commissioner's argument persuasive as the findings under the two separate steps of the review process are different. At step two of the sequential analysis, the ALJ must determine whether a claimant has a severe impairment. At step one of the <u>Craig</u> analysis, the ALJ must determine whether the objective medical evidence shows the existence of a medical impairment, whether severe or not, that could be expected to produce the pain or symptoms alleged. District Judge Faber rejected the argument the Commissioner raises in <u>Arnold</u>.

Accordingly, in view of the decisions in <u>Arnold</u>, <u>Bradley</u>, and <u>Lester</u>, the undersigned finds that the ALJ failed to make an explicit finding at step one of the two-step pain and credibility analysis,

and recommends that the matter be remanded for further consideration of Claimant's alleged pain and symptoms and RFC. Contrary to the Commissioner's allegations, it does not matter that the ALJ may reach the same result on remand. "While the ultimate outcome may very well be the same, justice and fairness demand that this Court have a more comprehensive record and explicit explanation of the ALJ's decision to give Plaintiff a fair and just review." Lester v. Astrue, 5:10-cv-00380 (S.D. W.Va. Sept. 13, 2011) (Document No. 20 at 20.) The undersigned finds that Claimant's remaining arguments concern the ALJ's RFC finding. As the present RFC finding was reached in error and the ALJ will need to assess a new RFC, there is no need to address the merits of Claimant's remaining claims. In assessing any limitations resulting from Claimant's fibromyalgia, the ALJ should consider the recently issued Social Security Ruling 12-2p.

For the reasons set forth above, it is hereby respectfully **PROPOSED** that the District Court confirm and accept the foregoing findings and **RECOMMENDED** that the District Court **GRANT** the Plaintiff's Motion for Judgment on the Pleadings (Document No. 10.), **DENY** the Defendant's Motion for Judgment on the Pleadings (Document No. 11.), **REVERSE** the final decision of the Commissioner, **REMAND** this matter for further proceedings consistent with this Proposed Findings and Recommendation pursuant to the fourth sentence of 42 U.S.C. § 405(g), and **DISMISS** this matter from the Court's docket.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Irene C. Berger, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(e) and 72(b), Federal Rules of Civil Procedure, the parties shall have three days (mailing/service) and then fourteen days (filing of objections) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the

13

Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. <u>Snyder v. Ridenour,</u> 889 F.2d 1363, 1366 (4th Cir. 1989); <u>Thomas v. Arn,</u> 474 U.S. 140, 155, 106 S.Ct. 466, 475, 88 L.Ed.2d 435 (1985), <u>reh'g denied,</u> 474 U.S. 1111, 106 S.Ct. 899, 88 L.Ed.2d 933 (1986); <u>Wright v. Collins,</u> 766 F.2d 841, 846 (4th Cir. 1985); <u>United States v. Schronce,</u> 727 F.2d 91, 94 (4th Cir.), cert. denied, 467 U.S. 1208, 104 S.Ct. 2395, 81 L.Ed.2d 352 (1984). Copies of such objections shall be served on opposing parties, Judge Berger, and this Magistrate Judge.

The Clerk is directed to file this Proposed Findings and Recommendation and to send a copy of the same to counsel of record.

Date: August 9, 2013.

R. Clarke VanDervort
United States Magistrate Judge